Our final case on the calendar for today argument calendars crystal rivers be kilolo Kijakazi 21 1935 Good morning, your honors Crystal rivers my client applied for SSI on October 4th 2016 and so this is one of the very last reading physician Rule cases you're going to hear because that law changed in 2017 in this case Because my client miss rivers was not representative to hearing the ALJ had a heightened duty to scrupulously and conscientiously Fully develop the medical record in this case. He did not obtain opinions from the treating sources He did not ask his own examining consultant. Dr. Wassef to clarify an obvious Scrivener's error Dr. Wassef upon exam Found that miss rivers could not walk on her toes and heels and could not squat and then there was some Boiler plate that contradicted that but that boiler plate was in all his decisions and then dr Wassef found that she had a left positive straight leg rake raised in both sitting and supine positions Was the judge required to Absolutely when this was the only treating opinion he had on her medical Disability and in fact the positive straight leg raise had been found by several other Treating doctors and yes to be scrupulous and conscientious He could not just reject it out of hand and say it's contradictory when it was obviously an error And he could have easily have asked dr. Wassef to explain that So based on dr. Wassef findings, they support a finding of disability based on her pain and He did not get an opinion From her treating pain doctors, dr. Bonibus Dr. Aurora at the spine and pain clinic. He didn't get an opinion from dr Disney her longtime physician and Didn't explain what weight he gave to dr. Disney's report and rather than a sister and develop her testimony The ALJ actually rushed my client When she was describing her pain at page 77 277 of the transcript The ALJ asked now as you've testified you've been standing Probably more than you've been sitting and Miss Rivers answered. I'm in a lot of pain right now I really don't know what to do with myself. It hurts to any Interjected okay Stand and it hurts to sit and the ALJ then said well, we're trying to move along I'm trying to get your hearing in she says, okay and the ALJ says It's going to it's causing me a little bit of a problem with my schedule because I actually need to call another office After doing another hearing he didn't tell her that his decision would have to be based on Medical opinions. He didn't tell her What medical opinions were in the record he acted as an adversary instead of an advocate to help her? develops the record He violated his heightened duty under the treating physician rule Now this court has held in the past that having Somebody waive the right to an attorney is not automatically lead to a remand that there has to be prejudice in this case the judge Told her gave her the wrong standards for asking for a second adjournment He said it would have to be an emergency and he had a form that I have never found any place officially That said it would only be for extraordinary Circumstances, but in any event she clearly needed a lawyer to clarify dr. Wassef's error She needed a lawyer to get the medical opinions and the treating physicians So I don't I think the first not developing the record is enough to remand this But I think actually you could remand for payment because if you rely on the record there is enough evidence there To find that she had severe pain And you look for credibility you look at the objective test and here we have MRIs and straight leg raises and Dr. Wassef found she was in pain when he examined her He didn't credit he erred by the ALJ erred by not crediting her testimony about her limitations There were post-surgery MRIs there were post-surgery positive straight leg raises Dr. Bonibus had mentioned that she had chips in her spine She had spinal surgery just four months before she applied and was still in great pain and even at the video hearing At page 77 the judge could see she was standing more than she was sitting and he had to caution her to stay close to the microphone while moving around she had ups and downs and It's mentally and physically and the ALJ cherry-picked only the statements to find that she wasn't Disabled and then he said Yeah, he should have at least considered their findings that she had a straight leg raise that she was in pain But what he really did wrong was not asking them for an opinion of her limitations and that's what a lawyer does That's what I do in Developing the record I write to the doctors and say what's your opinion? Do you believe that she can work? Do you believe she can walk and sit and for how long and because there was no Lawyer, then the judge should should do that and he should have told her that I need these opinions to find your disabled He held it against her. He said she didn't receive the type of treatment one would expect Isn't spinal surgery the what you'd expect isn't post-surgical pain injections what you would expect And he held it against her. She was attending rehab for substance issues and clearly the record shows She had substance issues, but he didn't find that she was disabled for substance issues She was attending rehab and if she hadn't then he would have said she didn't get the treatment that she needed He held it against her that she was able to care for her children with the help of her family and friends And he held it against her that she had only worked sporadically prior to the disabled date saying, you know That she does not want to work But she had been in an accident at age 16 when she first heard her spine So if you look at the evidence on the record Hope well-documented pain was objectively supported Dr. Wassa found she was moderately limited in walking standing and sitting which would preclude even sedentary work and Her fair ability to maintain a schedule That dr. Hartman the commissioner's psychologist found would keep her off task. I mean she cannot if you can't Walk for two hours walk or stand and sit for six then you can't do sedentary work So in this case no reasonable person if you look at all the evidence from both sides could conclude Crystal Rivers could not perform work and as a matter of law and The ALJ erred and there's not substantial evidence Not even a scintilla in this case to support the denial and I ask you to liberally apply the Social Security Act To affect its remedial purposes. Thank you Good morning, your honor's may it please the court. My name is Timothy Boland and I represent the acting commissioner of Social Security In many respects. This case concerns issues that are common to most Social Security appeals Underpinning that is the fact that the plaintiff was entitled to a full and fair hearing and that's what she received in this case The court should affirm the commissioners decision for two overarching reasons First because substantial evidence supports the ALJ's findings an ultimate determination that the plaintiff was not disabled and Second because plaintiff cannot demonstrate prejudicial error from the ALJ holding a hearing and his development of the record with respect to the opinion evidence in this case the ALJ considered the medical opinions and Supportably weighed them under the regulations applicable to the decision So this is something that concerns me with this his the ALJ's duty to Develop the record part of what concerns me is the idea that he references not considered considering some of the evidence from the treating physicians which should Carry significant weight because it's in clinical form and it's raw and it's you know opinions or what the ALJ is supposed to consider But then with regard to these these treating physicians rather than say hey rather Give me a medical opinion or report rather than a clinical clinical raw data The ALJ says well, I can't really weigh that because it's not in the right form That doesn't sound to me like development of the record for a pro se claim I think there's two responses to that Judge Lee The first is he did have an opinion here from a treating source in the form of Dr. Bonobase one, but there were three three other treating physicians There's two others that the plaintiff raised. I believe dr. Aurora and dr. Disney if I'm not mistaken, but I also didn't have dr Bonobase is most recent opinion there there was a 2014 opinion and the ALJ declined to have that updated not quite your honor There is a 2019 treatment note that the plaintiff referenced during her first hearing or during the first meeting with the ALJ that was eventually continued to the second hearing She had a colloquy with the ALJ about what the contents of that note was which essentially comprised that he had made a referral to Physical therapy the ALJ said correctly I'll have to determine whether the absence of that note Renders the record incomplete for me to make a decision and then ultimately exercised his discretion under the regulations Not to supplant the record with that treatment note. That's wholly consistent with the regulatory authority And 920 little B that renders the ALJ with the discretion to obtain the record and the linchpin to that analysis is when the record is incomplete to make a decision Here we have over a thousand pages of medical records We have the ALJ discussing with the plaintiff at that first encounter. Have you saw additional treatment? She says she has he goes out and in between the first hearing and the second hearing obtains Additional medical records but not from I guess if you could kind of go back to that specific question of from the treating Physicians, I understand there were records opinions from the consultative physicians But from the individuals who actually treated her there were at least two who you know Information from them was in the record But because it was not in opinion form the ALJ did not consider them rather than requesting that they do a report Well, I have to push back. I'm sorry. No, I'm sorry. I have to push back slightly in the characterization He didn't consider it the ALJ Indisputably considered the objective evidence from all of the physicians in the record again over a thousand pages of it including those that offered simply Treatment notes and what was contained in those treatment notes objective findings and agnostic findings and he considered the five different functional capacity evaluations that were in the record But to hit directly home on your question, Judge Lee, there are two reasons why it doesn't matter in this case The first is the regulations that issue in this case Specifically jettisoned the ALJ's obligation to go out and affirmatively solicit opinion evidence from a claimant Even a pro se claimant the regulations don't differentiate between what an ALJ is obligated to do with a represented claimant and a pro se claimant The 2017 change Can I just say I understand that that the regulations may not obligate the ALJ to do this but if a heightened review of the record has some meaning there should I'm Struggling to see what in this record demonstrates that because if part of what the ALJ is saying is I'm having trouble weighing this Information from these treating physicians because it's not an opinion form Regardless of whether or not he is required to then say hey ask them to put an opinion form the fact that that's not done Is what I guess is concerning me, but I don't think that's what the ALJ is saying Actually, I don't think he's saying I'm having difficulty ascertaining these this non-opinion evidence What he's saying is I have five functional capacity evaluations one from a treating source two from consultative examiners and two from state agency physicians who themselves are not only reviewing the record itself, but the other opinion evidence and Collectively that gives the ALJ the arsenal necessary to decide the case in other words that Under 416 920 B makes the record sufficient for the ALJ to render a decision So is it your are you telling us that in your view the ALJ here had no Developed the record obligation to go farther than this information you just adverted to Yes, your honor. He had no obligation to solicit medical opinions No regulatory obligation to solicit medical opinions to develop the record the standard for whether the record is sufficiently developed is whether it contains Enough information for the ALJ to make a decision even if this court doesn't want to wade into the regulatory changes It doesn't have to look any further than its decision in tank easy from 2000 I believe it's 13 which addressed this issue head-on and in tank easy the court looked to what was in the record and Said that the failure to go out and obtain a treating source opinion itself is not remandable error And I think it's important that tank easy was decided under the old regulations when there was an obligation to go out and get this type of medical opinion evidence from treating sources and What can kisi reasoned is that the regulations themselves and place at that time? Didn't even go so far as to say the failure to do so is necessarily prejudicial or remandable error Instead the court will look to the record as a whole and determine whether it contained information Sufficient to make a decision Tank easy the tank easy court found that it did contain the sufficient information to render a decision because it had functional capacity evaluations In this case there are even more functional capacity evaluations, and we're at issue in tank easy Including one from a treating source again from consultative examiners who had the opportunity to examine the plaintiff In person and then to render their functional capacity assessments and then from state agency physicians who reviewed all of the evidence Including the consultative examiners and rendered their functional capacity Evaluations that comprises substantial evidence to support the ALJ's decision in this case briefly on the issue of the continuance The ALJ here gave Miss Rivers of 75-day continuance to obtain to obtain counsel and to come back and reconvene the hearing Plaintiff's argument really centers on what was the appropriate standard to give a second continuance? But I would submit that that argument proceeds too quickly because the plaintiff never requested a second continuance when she appeared during the second Hearing nor has she argued that she was effectively dissuaded from doing so by the ALJ Nor on the record that's before this court Can she make a showing of good cause to demonstrate prejudicial error even ex post looking at what happened during the course of the hearing? I think that markedly separates the facts of this case from the two relied upon by Miss Rivers Henderson and Arga Very briefly in both of those cases the plaintiffs had actually gone out in the intervening time between their hearings and obtained counsel Counsel made efforts to seek a continuance There were noticeable deficiencies in the claimants comprehension of the hearing process in both of those cases That are not present on this record And in one perhaps the more extreme example in Arga the ALJ went so far as to say I have a rule that you get One and only one continuance. We simply don't have that that that that type of discussion from the ALJ here We don't have any misapplication of the good cause standard because we don't have a request for a hearing for the ALJ to weigh Whether there was good cause to allow the continuance here Finally on the issue of subjective complaints the ALJ's considered the factors that are relevant under the regulations He considered plaintiff's treatment history And he noted factors that both the regulations and the Social Security rulings permit him to consider Discount plaintiff's subjective complaints. That's not to say that what he considered demonstrates just a lack of disability, but it cuts against the the persistency and and Level of complaints that she was making it included her ability to engage in certain activities inconsistencies with the treatment records some of the medical opinion evidence Occasional non-compliance with treatment and her sporadic work history We would suggest that collectively the record contains substantial evidence to support the commissioners decision. We would ask that the court affirm it Thank you To address some of those arguments At the second hearing the judge didn't ask her to explain why she didn't have a lawyer He said you agreed that we would continue today, and he had told her it had to be an emergency No because he said you agreed we were gonna go ahead today, and she said okay I mean that the judge said we're gonna go ahead and You know She said he said what he said we're gonna go ahead, and she didn't say anything else because he said we're going ahead No, but he had he had an obligation to say well, do you have a lawyer? No, why not do you have a good reason for not having a lawyer that that's that's the end of that argument We had an opinion from dr. Bonibus in 2014 two years before her claim and two years before she had back surgery and the ALJ didn't know that she wasn't gonna have a lawyer at the second hearing and he he's still knowing that didn't do anything to help develop The medical records she has a long history of treatment and Dr. Wassef's the only consultative exam was by dr. Wassef and he found she had a straight positive straight leg raise and was in a lot of pain and He found she'd have moderate limitations sitting standing and walking The non-examining Consultants should get zero weight. There's no evidence. They looked at anything. They just signed off in a checkbox The the new regs don't apply at all and the record Certainly doesn't support a finding of non-disability as it stands it needed to be developed. Thank you very much So we'll take the case under advisement And we have one case on for submission 21 28 73 And with that we're ready to adjourn